

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

November 19, 1951

Hon. C. H. Cavness
State Auditor
Austin, Texas

Dear Sir:

Opinion No. V-1347

Re: Construction of the limitation on appropriations to institutions of higher education prohibiting the expenditure of funds "for courses of instruction required for any degree which was not offered. . . on October 1, 1950."

We quote in part from your recent letter as follows:

"In connection with our statutorily required audits of the accounts and funds of the State Institutions of Higher Learning, we respectfully request your official interpretation of part of Section 20 of Article V in House Bill 426, Acts 52nd Legislature, 1951, ch. 499.

"This Section prohibits the expending of State funds 'for courses of instruction required for any degree which was not being offered by the institution on October 1st, 1950 . . . .' (excepts Lamar State College of Technology, Reserve Officers Training Corps instruction, etc.) In order for us to have the guide lines on the part of our audits that will be concerned with this Section . . ., we need your answers to the following questions:

"1. What constitutes the offering of a degree within the meaning of the above quoted portion of the Section in question? . . .

"2. Where a course is already being given as requirement for an existing degree, would the above Section have any effect where it may also be required for a new degree not previously offered? We believe that the above quoted part should have stated 'for new courses' and that the answer to this question would be 'No'."

Article V of House Bill 426, Acts 52nd Leg., R.S. 1951, ch. 499, p. 1446, the general appropriation bill for the biennium ending August 31, 1953, makes appropriations for the State institutions of higher learning. Among the General Provisions of Article V of House Bill 426, at pp. 1468, 1469, it is provided:

"The expenditure of the appropriations herein made and authorized, whether from the State General Revenue Fund, local institutional funds, or any other receipts and funds whatsoever, except bequests and gifts, shall be subject to the following provisions: . . .

"Sec. 20. Limitations on Courses of Study. None of the appropriations herein made and authorized, whether from the State General Revenue Fund, local instructional funds, or any other receipts and funds whatsoever except bequests and gifts, shall be expended for the continuance or establishment of a department of instruction which was not in existence on October 1, 1950, nor for courses of instruction required for any degree which was not being offered by the institution on October 1, 1950, . . ." (Emphasis added.)

Your first question concerns the meaning of the word "offered" as used in the above-quoted provision. A determination of the answer to this question involves a study of the procedure followed at each of the many institutions of higher learning in the offering of degrees. The facts which constitute the offering at each institution differ, and a decision of the question of when a degree is offered would necessarily involve a determination of what are the existing facts

at each institution as well as whether those facts constitute an offering of a degree. This office is precluded from deciding fact issues and hence we cannot answer your first question categorically. Att'y Gen. Op. O-3382 (1941).

Accompanying your request are a number of letters from the administrative heads of institutions of higher learning containing expressions with regard to their interpretation of when a degree is actually "offered" at their respective institutions. From these we gather it is the ordinary practice that prior to, or as a part of, the offering of a degree there must be some action approving the degree by the administrative and governing board of the institution. This authorization generally precedes the actual offering of the degree by several months. After the degree is authorized, the actual courses required by the degree program are made available to students who wish to take the courses for the purpose of receiving the degree.

Thus it seems apparent that the mere authorization of the degree, standing alone, is not sufficient to constitute the "offering of a degree." In our opinion, before a degree can be considered as "offered" the courses required by the degree program must be made available to students who wish to take the courses for the purpose of receiving the degree. As to whether such courses were actually made available to students prior to October 1, 1950, will depend upon the particular facts and circumstances at each institution of higher learning. Thus, if you determine in connection with your audit of the accounts and funds of a particular institution that there had been authorization for a degree by the governing board and that courses required by the degree program were actually made available to students who desired to take the courses for the particular degree prior to October 1, 1950, then we believe you would be justified in determining that the degree was actually being offered prior to October 1, 1950. Furthermore, the fact that students with the required background had actually enrolled and were taking courses leading to a particular degree prior to October 1, 1950, would be strong evidence of the fact that the degree was being offered prior to that time.

Hon. C. H. Cavness, page 4 (V-1347)

The above are just some of the criteria to be considered in determining the fact issue of whether a degree was being offered within the meaning of Section 20. There may be others just as persuasive, but in our opinion the actual offering of the courses and enrollment of students in the courses prior to the date set out in Section 20, are important factual determinations to be made in each instance.

Your second question concerns courses required for degrees offered prior to October 1, 1950, and also for degrees offered subsequent to that date. The wording of Section 20 does not prohibit the continuation of a course of study already required for an existing degree when that same course becomes a requirement for a new degree, offered for the first time after October 1, 1950. The purpose of Section 20, as therein expressed, is to prohibit the establishment of new courses of instruction for new degrees. The obvious intent is not to discontinue existing courses but to maintain the status quo until such time as a study of the facilities for higher education in this State may be completed. We therefore agree with you that your second question should be answered in the negative.

### SUMMARY

What constitutes the offering of a degree within the terms of Sec. 20 of Art. V of H.B. 426, Acts 52nd Leg., R.S. 1951, ch. 499, p. 1446, is a fact issue to be determined from the facts and circumstances in each individual case. Courses of instruction required for a degree being offered prior to October 1, 1950, may be continued even though such courses are also required for a degree offered subsequent to that date.

APPROVED:

C. K. Richards
Trial & Appellate Division

Everett Hutchinson
Executive Assistant

Charles D. Mathews
First Assistant

EJ:wb

Yours very truly,

PRICE DANIEL
Attorney General

By E. Jacobson
E. Jacobson
Assistant